**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**RANDOLPH JACK SOLO,**

       **Plaintiff,**

**v.**                                        **Case No. 3:25-cv-00724**

**WALMART INC.,**

       **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Defendant Walmart, Inc.'s Motion to Dismiss. (ECF No. 9). The matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

For the following reasons, the undersigned **FINDS** that Plaintiff fails to state a viable claim under the Lanham Act, the Complaint does not establish diversity jurisdiction, and Plaintiff's remaining state-law claims either independently fail to state claims upon which relief may be granted or, alternatively, should be dismissed after the Court declines to exercise supplemental jurisdiction. Accordingly, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Dismiss, (ECF No. 9), be **GRANTED** and that this matter be dismissed from the Court's docket.

## I.    **<u>Background</u>**

Plaintiff Randolph Jack Solo, proceeding *pro se*, filed this civil action on December 9, 2025. (ECF No. 1). Plaintiff asserts a claim under the Lanham Act, 15 U.S.C. § 1125(a), as well as state-law claims labeled as breach of contract, negligence, and fraud. (*Id.* at 1). The allegations arise from Plaintiff's attempts to return or exchange various products at Walmart retail stores in West Virginia. Plaintiff alleges Walmart denied certain return requests involving Great Value products and other household items. (*Id.* at 2–5). According to Plaintiff, the packaging on certain Great Value products included the following guarantee language:

> Great Quality. Great Price. Guaranteed. Our guarantee is our promise that you'll be fully satisfied with the quality of every Great Value product. If for any reason you aren't happy, we'll replace it or return your money. Whichever you prefer. All you need is the package. It's that simple. Guaranteed.

(*Id.* at 2).

Plaintiff interprets the phrase "All you need is the package" to mean consumers may obtain refunds or replacements without receipts and even where products have been fully consumed. (*Id.*). Plaintiff alleges Walmart employees nevertheless denied several return attempts because the products had been used or consumed or because Plaintiff did not present receipts. (*Id.* at 2–5). Plaintiff seeks damages exceeding $55 billion. (*Id.* at 6).

On April 13, 2026, Defendant filed the pending Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, along with a memorandum in support thereof. (ECF Nos. 9, 10). Plaintiff thereafter filed a response in opposition, (ECF No. 12), to which Defendant filed a reply. (ECF No. 13). Accordingly, the motion is fully briefed and ripe for adjudication.

## II.    Standards of Review

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and possess only the authority conferred by Article III of the Constitution and by federal statute. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. The plaintiff bears the burden of establishing jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### B. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court accepts factual allegations as true, the Court is not required to accept legal conclusions couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*Pro se* pleadings are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, liberal construction does not permit a court to ignore a clear failure to allege facts supporting a cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III.    Discussion

### A. Lanham Act

Construing Plaintiff's allegations liberally, Plaintiff principally alleges that Walmart violated the Lanham Act's false advertising provision, 15 U.S.C. § 1125(a), through the guarantee language printed on Great Value product packaging. Plaintiff

3

contends the phrase "All you need is the package" entitled him to refunds or replacements even where products had been fully consumed and no receipt was presented. (ECF No. 1 at 2–5).

The Lanham Act's false advertising provision, however, does not provide a cause of action for ordinary consumer grievances. In *Lexmark*, the Supreme Court explained that a plaintiff suing under § 1125(a) must allege an injury to a commercial interest in reputation or sales. *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131–32 (2014). The statute principally protects commercial interests against unfair competition rather than providing a federal remedy for ordinary consumer dissatisfaction. *Id.*

In this case, Plaintiff does not allege facts establishing any commercial injury. Plaintiff does not assert that he competes with Walmart, suffered lost sales, sustained reputational harm, or incurred any commercial injury cognizable under the Lanham Act. Instead, Plaintiff alleges Walmart improperly denied his personal requests for refunds or exchanges involving retail consumer products. Such allegations fall outside the class of plaintiffs authorized to sue under § 1125(a). *Lexmark*, 572 U.S. at 131–32. Numerous courts have recognized that consumers generally may not pursue false advertising claims under the Lanham Act because the statute protects commercial interests against unfair competition rather than consumer dissatisfaction. *See, e.g., Made in the USA Found. v. Phillips Foods, Inc.*, 365 F.3d 278, 281 (4th Cir. 2004).

Moreover, even assuming that Plaintiff could invoke the Lanham Act, the Complaint still fails to plausibly allege a viable false advertising claim. Plaintiff does not allege facts establishing that Walmart made a false or misleading statement of fact within the meaning of the statute. Plaintiff instead advances his own interpretation of the

packaging language and contends that Walmart employees acted inconsistently with that interpretation. The guarantee language itself does not plausibly represent that Walmart must issue refunds for fully consumed products under all circumstances or without regard to applicable return procedures. At most, Plaintiff alleges a disagreement with Walmart employees regarding the interpretation and application of the return language.

Accordingly, the undersigned **FINDS** that Plaintiff fails to state a viable claim under the Lanham Act.

### B. Diversity Jurisdiction

Further, the Complaint does not establish an independent basis for federal diversity jurisdiction. Although Plaintiff demands more than $55 billion in damages, jurisdictional allegations concerning the amount in controversy are not accepted where it appears to a legal certainty that the claim cannot satisfy the statutory threshold. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

The factual allegations in the Complaint concern disputes involving refunds or replacements for low-value consumer goods purchased at Walmart retail stores. Plaintiff alleges no facts plausibly supporting compensatory damages remotely approaching the jurisdictional threshold required by 28 U.S.C. § 1332(a). The conclusory demand for billions of dollars in damages does not independently establish diversity jurisdiction. *Wiggins v. North Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016–17 (4th Cir. 1981) (recognizing dismissal is appropriate where it appears to a legal certainty that the jurisdictional amount cannot be recovered).

Accordingly, the undersigned **FINDS** that the Complaint fails to establish diversity jurisdiction.

### C. State Law Claims

Even if the Court were to retain jurisdiction over Plaintiff's remaining state-law claims, the Complaint fails to state viable claims for breach of contract, negligence, or fraud. Although the Court ultimately should decline supplemental jurisdiction over Plaintiff's remaining state-law claims, the undersigned briefly addresses the deficiencies in those claims because Defendant extensively briefed the issues and the analysis further demonstrates the deficiencies in Plaintiff's allegations.

#### 1. Breach of Contract

To state a breach of contract claim under West Virginia law, a plaintiff must plausibly allege the existence of a valid and enforceable contract, a breach of that contract, and damages resulting from the breach. *Sneberger v. Morrison*, 235 W. Va. 654, 669, 776 S.E.2d 156, 171 (2015). Plaintiff appears to allege that Walmart breached a contractual promise contained in the Great Value packaging guarantee. The Complaint, however, does not plausibly allege the existence of enforceable contractual terms requiring Walmart to provide unconditional refunds for fully consumed products or products returned without proof of purchase. Plaintiff also does not identify facts plausibly establishing mutual assent to the expansive contractual interpretation he advances. Further, Plaintiff does not allege facts plausibly establishing breach or cognizable damages arising from any specific contractual obligation. Plaintiff's disagreement with Walmart employees' handling of return requests does not, without more, plausibly establish a breach of contract claim.

#### 2. Negligence

6

Under West Virginia law, "[t]he essentials of a negligence action are duty, breach, proximate cause, and damages." *Webb v. Brown & Williamson Tobacco Co.*, 121 W. Va. 115, 118, 2 S.E.2d 898, 899 (1939). Plaintiff does not identify a cognizable duty owed by Walmart independent of the alleged return guarantee, nor does Plaintiff allege facts plausibly establishing breach, causation, or compensable injury. At bottom, Plaintiff's allegations concern dissatisfaction with Walmart's response to return requests. Such allegations do not plausibly establish a common-law negligence claim.

### 3. Fraud

Fraud claims are subject to the heightened pleading requirements of Rule 9(b), which requires a plaintiff to plead the time, place, contents, and identity of the person making the alleged misrepresentation. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

Plaintiff does not allege any facts plausibly establishing Defendant knowingly misrepresented the guarantee language, intended to deceive consumers, or that Plaintiff reasonably relied upon such representations to his detriment. Although Plaintiff references statements appearing on product packaging, Plaintiff does not identify facts plausibly establishing the statements were false when made or that Defendant acted with fraudulent intent. Plaintiff also does not identify facts establishing legally cognizable damages arising from actionable fraud. Accordingly, Plaintiff fails to satisfy Rule 9(b). For those reasons, the undersigned **FINDS** that Plaintiff's remaining state-law claims fail to state claims upon which relief may be granted.

### D. Supplemental Jurisdiction

Once the federal claim is dismissed, the Court may decline to exercise supplemental jurisdiction over remaining state-law claims. 28 U.S.C. § 1367(c)(3). The

Supreme Court has recognized that, in the usual case, when federal claims are dismissed before trial, the balance of factors ordinarily points toward declining jurisdiction over the remaining state-law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, considerations of judicial economy, convenience, fairness, and comity weigh in favor of declining supplemental jurisdiction. This action remains at an early procedural stage, no discovery has occurred, and the remaining claims arise solely under state law. Thus, the undersigned **FINDS** that the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

## IV.    **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court:

1. **GRANT** Defendant Walmart, Inc.'s Motion to Dismiss, (ECF No. 9);

2. **DISMISS** Plaintiff's Lanham Act claim with prejudice for failure to state a claim;

3. **DISMISS** Plaintiff's remaining state-law claims without prejudice after declining to exercise supplemental jurisdiction; and

4. **REMOVE** this matter from the Court's docket.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, and Rule 45(c) of the Local Rules of Civil Procedure, Plaintiff shall have fourteen days and then an additional three days if served

by mail from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by Judge Chambers for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the United States Court of Appeals for the Fourth Circuit. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to Plaintiff, who is acting *pro se*, and counsel of record.

**ENTERED:** May 26, 2026



Joseph K. Reeder
United States Magistrate Judge

9