**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

RANDOLPH JACK SOLO,

          Plaintiff,

v.                                  CIVIL ACTION NO. 3:25-0724

WALMART INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Joseph Reeder, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Findings of Fact and recommended that the Court grant Defendant Walmart Inc.'s Motion to Dismiss (ECF No. 9); dismiss Plaintiff Randolph Jack Solo's federal claim under the Lanham Act; decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismiss those claims without prejudice; and remove this matter from the Court's docket. Plaintiff timely filed objections to the Magistrate Judge's findings and recommendations. Upon de novo review, the Court **DENIES** Plaintiff's objections.

Plaintiff, who is acting pro se, filed this action against Walmart Inc. on December 9, 2025. In his Complaint, Plaintiff alleges that various Walmart retail stores refused to honor the guarantee on its Great Value packaging. According to Plaintiff, the guarantee provides: "Great Quality. Great Price. Guaranteed. Our guarantee is our promise that you'll be fully satisfied with the quality of

every Great Value product. If for any reason you aren't happy, we'll replace it or return you money. Whichever you prefer. All you need is the package. It's that simple. Guaranteed." *Compl.* ¶6. Plaintiff asserts he took a variety of Great Value packages to different Walmart retail stores in the area and asked for new products or money back, but his returns were refused because the packages were either completely or partially empty[1] and he failed to produce receipts. Plaintiff claims these refusals violated the guarantee on the packages, and he seeks $55,002,000,850.00 in damages for false advertising pursuant to "Section 43(a) of the Lanham Act, [15 U.S.C. § 1125(a)]," and for "Breach of Contract, Negligence, and Fraud on the part of Defendant (under Diversity of Citizenship rules [28 U.S.C. § 1332])." *Id.* ¶1.

Upon Defendant's Motion to Dismiss, the Magistrate Judge found Plaintiff failed to state a claim under "[t]he Lanham Act's false advertising provision . . . [because it] does not provide a cause of action for ordinary consumer grievances." *PF&R*, at 4. Plaintiff did not object to the Magistrate Judge's finding that federal question jurisdiction does not exist under the Lanham Act. Instead, Plaintiff argues that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because he has alleged an amount in controversy exceeding $75,000. However, as properly recognized by the Magistrate Judge, this Court need not accept a plaintiff's demand for damages "where it appears to a legal certainty that the claim cannot satisfy the statutory threshold." *Id.* at 5 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Here, the Court agrees with the Magistrate Judge that it appears with legal certainty that Plaintiff's claims for refunds or replacements of low-value consumer items will not meet the jurisdictional threshold

---

[1]It appears from the Complaint that nearly all the packaging Plaintiff attempted to return was empty. In paragraph 9 of the Complaint, he asserts he attempted to return a half a box of Great Value Nonfat Dry Milk. *Compl.* ¶9.

and Plaintiff has not plausibly alleged any facts that justify his conclusory demand for billions of dollars in damages. *See id.* Thus, the Court finds that federal diversity jurisdiction does not exist.

Plaintiff also objects to the Magistrate Judge's findings that he has failed to state plausible state law claims for Fraud and for Breach of Contract. Although the Magistrate Judge briefly discusses those claims and notes their deficiencies, in the end, the Magistrate Judge recommends the Court decline to exercise supplemental jurisdiction over the state law claims and dismiss them *without prejudice*. As it is very early in this litigation and neither federal question jurisdiction nor diversity jurisdiction exists, the Court agrees with the Magistrate Judge and exercises its discretion to decline supplemental jurisdiction over the remaining state law claims. *See Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (stating "[a] court has wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished" (internal quotation marks and citations omitted)).

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's Objections to Proposed Findings and Recommendations (ECF No. 15), **ADOPTS AND INCORPORATES** herein the Proposed Findings and Recommendations of the Magistrate Judge (ECF No. 14), **DISMISSES** Plaintiff's Lanham Act claim with prejudice for failure to state a claim, **GRANTS** Defendant Walmart Inc.'s Motion to Dismiss (ECF No. 9), **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims, and **DISMISSES** those claims *without prejudice*. Having resolved all the pending issues, the Court further **DIRECTS** the Clerk of this Court to remove this matter from the Court's docket.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, and any unrepresented parties.

ENTER:        June 22, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-4-